IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| DANIEL VASQUEZ DOMINQUEZ, PRO SE, | § | |
| aka DANIEL VASQUEZ DOMINGUEZ, | § | |
| aka DANIEL V. DOMINGUEZ, | § | |
| TDCJ-CID No. 1355966, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:14-CV-0097 |
| | § | |
| ANTHONY MARTINEZ, Food Service | § | |
| Manager; MARY BITELA, Correctional | § | |
| Officer; EDWARD CRANDALL, | § | |
| Correctional Officer; ALFREDA CARREON, | § | |
| Disciplinary Hearing Officer; | § | |
| DESTINY PALCHAT, Substitute Counsel; and | § | |
| MICHEAL HOOTEN, Assistant Unit Warden, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff DANIEL VASQUEZ DOMINQUEZ, acting pro se and while a prisoner

incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has

filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-

referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that, on or about April 17, 2013 his job assignment in the unit kitchen

was terminated by defendant Food Service Manager Captain MARTINEZ in retaliation for

plaintiff's refusal to participate in homosexual acts with MARTINEZ, and plaintiff was

reassigned to S.S.I. Shower Squad.  Plaintiff contends that, on three occasions[1], in May of 2011,

_____

[1]Plaintiff's Complaint at page 1 of his handprinted supplement to the Statement of Facts.

in June of 2012, and in December of 2012[2], defendant MARTINEZ "intentionally and knowingly

snuck behind plaintiff . . . and firmly pressed his penis in plaintiff's anus while performing his

work duty."  Plaintiff says he "made it clear that he would not participate in his [MARTINEZ']

homosexuality by, [sic] moving quickly, staying out of his office when he was inside, and

avoid[ing] any type of direct conversations with Capt. Martinez."

      Plaintiff also states an inmate Perkins:

> had authority . . . [and] made up lies to Capt. Martinez to have
> [plaintiff] removed from the Kitchen, because he accused
> [plaintiff] with his problems with kitchen staff.  One of his lies to
> the Kitchen Capt. [defendant MARTINEZ] was that Plaintiff had a
> set of keys to his office and was stealing documents from [the]
> office.  On another attempt, he accused [plaintiff] of always being
> around the female supervisors when in fact [plaintiff's] job
> included working around all staff . . ..

Plaintiff says, "Consequently, on April 17, 2013 Food Service Manager Capt. Martinez

terminated [plaintiff] from the kitchen without given reason. . .."  Plaintiff says he sent I-60's and

letters to various prison officials complaining of his job change and presenting his accusations

against MARTINEZ, BITELA, and inmate Perkins.

      Plaintiff claims defendant CO BITELA retaliated against him for reporting her sexual

misconduct and relationship with inmate Perkins.  Specifically, plaintiff alleges that on July 4,

2013, he noticed Officer BITELA talking and laughing with inmate Perkins and looking toward

plaintiff.  He says she turned away and inmate Perkins served plaintiff a bare pork rib with no

meat on it.  Plaintiff says he tried to show his tray to defendant BITELA "as she looked away."

Plaintiff states he "knew then that his deprivation of his food portion was intentional, retaliation

---

[2]See page 12 of plaintiff's April 25, 2014 "Memorandum Authority Law Brief."

for the reports made to Officer, Mr. Burggs."  Plaintiff says he then noticed Officer Ruiz, "who was the only supervisor from the kitchen around that day that could be an eyewitness for a grievance."  Plaintiff does not state he tried to show his tray to Officer Ruiz.  Instead, on July 5, 2013, he asked her to sign a statement for him, which he attached to his grievance on the matter, stating that she had observed inmate Perkins was out of place on July 4, 2013 and was serving with CO BITELA, "fraternizing and carrying on with her."

Plaintiff sent out more I-60's and letters of complaint to various officials at the unit and in Huntsville.  Plaintiff also sent a complaint to the Office of the Inspector General (OIG) and to the TDCJ Ombudsman's Office.  Plaintiff later received a response from the OIG that his complaint was being forwarded to the Unit Warden.

Plaintiff claims defendant Officer CRANDALL, of the Safe Prison Program, retaliated against plaintiff for filing his grievance by bringing a disciplinary charge against plaintiff.  Specifically, plaintiff alleges defendant CRANDALL charged plaintiff with attempting to establish an inappropriate relationship with Officer Ruiz by asking her to give him the above-described affidavit to attach to his grievance.

Plaintiff sues defendant CARREON, the Disciplinary Hearing Officer, for finding plaintiff guilty and assessing punishment on the charge.  Plaintiff also claims that, during an exchange between plaintiff and CARREON at the hearing, she retaliated against him by saying there were other major cases she could bring against him.

Plaintiff sues defendant PALCHAT, his Substitute Counsel at the disciplinary hearing, for discrimination and failure to investigate prison policy violation and protect his rights.

Lastly, Plaintiff sues defendant Asst. Warden HOOTEN for denying plaintiff's Step 1

grievance and failing to correct CRANDALL and CARREON's illegal acts.

Plaintiff requests declaratory judgment; an injunction ordering defendants CARREON and HOOTEN to expunge prison records of the disciplinary charge and restore plaintiff's line class and goodtime credits; compensatory damages of $10,000.00 against each defendant jointly and severally; and punitive damages of $50,000.00 against each defendant, jointly and severally, as well as costs of suit.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[4].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[3]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[4]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

**DECLARATORY RELIEF**

Declaratory Judgment is authorized by the Federal Declaratory Judgment Act which states, in relevant part, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a).  Further, "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."  FED. R. CIV. PRO. 57.

A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires.  *Texas Employers' Ins. Assoc. v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988).  It is, by its nature, a defensive action, "allowing prospective defendants to sue to establish their nonliability."  *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 5904, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959).  Plaintiff DOMINQUEZ is not seeking to avoid damages that might accrue due to a delayed assertion of a claim by others; nor is he asking to be relieved of the threat of suit by asserting a valid defense.  Instead, plaintiff, in an offensive stance, is asking the Court to declare the defendants are liable for alleged past wrongful conduct.  Plaintiff has not shown how the Declaratory Judgment Act properly applies and, with respect to this particular form of relief, has failed to state a claim on which relief can be granted.

**Defendant MARTINEZ**

Plaintiff claims his job in the kitchen was terminated in retaliation for his refusal to participate in homosexual acts with defendant Food Service Manager Captain MARTINEZ.

Prisoners have no constitutionally protected liberty or property interests in their prison job assignments. *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989)(state prisoner); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995)(federal prisoner). Therefore, the fact that plaintiff lost his prison job assignment will not provide a basis to support a claim under section 1983.

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231.

Plaintiff's allegations do not show that but for the alleged retaliatory motive, the adverse act would not have occurred. Instead, plaintiff has alleged he was accused of wrongfully possessing keys to the office and stealing documents, as well as of making sure he was always around the female supervisors. These accusations would provide a valid reason for plaintiff's dismissal and vitiate any potential for him to show causation. *Bell Atlantic Corp. v. Twombly*,550 U.S. 544, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007)(plausible entitlement to relief exists when allegations cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."); *McDonald*, 132 F.3d at 231. Plaintiff's allegations fail to state a claim of retaliation.

Plaintiff provides three approximate dates for the alleged sexual assaults by defendant MARTINEZ: May of 2011, June of 2012, and December of 2012.  The instant lawsuit was signed, and presumably mailed, on April 15, 2014.  Therefore, under the "mailbox rule," plaintiff's complaint was filed April 15, 2014.

The statute of limitations in Texas for section 1983 claims is two years, and accrual begins when the plaintiff has knowledge of the injury forming the basis for the action.  *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).  It appears plaintiff knew of his May 2011 injury at the time it occurred.  May of 2011 is outside the statute of limitations.  Plaintiff's claim of sexual assault based on that date is barred by limitations.  Plaintiff's claim of a May 2011 sexual assault by defendant MARTINEZ has no arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant BITELA**

Plaintiff claims defendant CO BITELA retaliated against him for reporting that she engaged in sexual misconduct with another inmate.  To show retaliation, plaintiff says that, on July 4, 2013, he saw BITELA talking and laughing with inmate Perkins, who was serving food, and that she looked toward plaintiff and looked away as inmate Perkins served plaintiff a pork rib without any meat on it.

Plaintiff's allegation of retaliation by defendant BITELA is speculative, at best.  While the conversation between BITELA and Perkins and BITELA's laughter may have created an impression of a shared plan to retaliate in plaintiff's mind, this allegation does not cross the threshold separating the "conclusory" from the "factual."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007)(plausible entitlement to relief exists

when allegations cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."); *McDonald*, 132 F.3d at 231.  Plaintiff's allegations fail to state a claim of retaliation against defendant BITELA.

**Defendants CRANDALL and CARREON**

Plaintiff claims defendant CRANDALL retaliated against plaintiff for filing his grievance in which he alleged inmate Perkins had been out of place and was serving in the serving line rather than working as a cook on July 4, 2013, that there was an inappropriate relationship between CO BITELA and inmate Perkins, and that plaintiff had suffered retaliation by being served a bone with no meat by inmate Perkins[5].  Plaintiff identifies the retaliatory act as writing plaintiff a case for trying to establish an inappropriate relationship with Officer Ruiz by asking her to sign an affidavit to support his grievance.  Plaintiff contends the disciplinary charge is false.  Plaintiff also sues defendant CARREON, the Disciplinary Hearing Officer, for finding plaintiff guilty and rendering punishment after a disciplinary hearing on that charge.  Plaintiff says his punishment included the loss of 30 days of accumulated goodtime credits.

Plaintiff's claim of retaliation by defendant CRANDALL rests entirely upon the fact that plaintiff received the above-described disciplinary charge.  Plaintiff challenges the validity of the disciplinary charge, but presents no factual allegation specifically showing retaliatory intent or causation.  Plaintiff admits he solicited Officer Ruiz' affidavit and, therefore, clearly cannot show "but for" causation.  Plaintiff has failed to state a claim of retaliation against defendant CRANDALL.

As to plaintiff's challenges to the validity of the disciplinary charge, plaintiff has

---

[5]See plaintiff's complaint at the hand-printed attachment to the Statement of Facts at paragraph 45.

requested the return of all lost goodtime credits and class status.  A claim for good-time credits is

foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and

plaintiff must seek such relief through habeas.  *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963,

41 L.Ed.2d 935 (1973).  Further, to grant the relief requested, the Court would first have to find

the disciplinary charge and the determination of guilt to have been invalid.  In the wake of

*Edwards v. Balisok*,  520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck*

doctrine is now applied to the prison disciplinary setting.  For this reason, plaintiff's claim is not

cognizable under section 1983 without a prior showing of favorable termination, that is, that the

results of the disciplinary hearing have already been overturned, either on administrative appeal,

through habeas, or by some other means.  *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364,

2372, 129 L.Ed.2d 383 (1994).

Plaintiff's pleading affirmatively demonstrates that his disciplinary case has not been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus."  *Id*.  Consequently, plaintiff's challenge to the 2013 disciplinary case and

the hearing on that case conducted by defendant CARREON lacks an arguable basis in law and is

frivolous until the *Heck* conditions have been met.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th

Cir. 1996).

To the extent plaintiff is also asserting a simple claim that CRANDALL violated his civil

rights by writing plaintiff a false disciplinary case, an inmate's claim that an officer initiated

disciplinary proceedings against him without probable cause does not state a claim.  *Castellano*

*v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  This claim lacks an arguable basis in law and is

frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's retaliation claim against defendant CARREON fails for the same reason as his retaliation claim against CRANDALL.  Plaintiff's own allegations show he committed the act of which CARREON found him guilty.  Plaintiff has alleged no fact to show the determination was based on anything other than the fact that he committed that specific act and, therefore, there is nothing to show the determination was retaliatory.  Plaintiff also points to a remark made by defendant CARREON in an exchange with plaintiff during the hearing, in which CARREON reportedly said that she could give plaintiff other major cases as well.  Nothing about that statement shows the final determination of guilt in that hearing was based on retaliatory intent. Further, plaintiff has alleged no fact(s) about the statement that show it constituted retaliation, per se.

Plaintiff has failed to state a claim against defendant CARREON.

**Defendant PALCHAT**

Plaintiff claims defendant PALCHAT, his Counsel Substitute for the disciplinary hearing, "discriminated" by failing to investigate the charge against him and press his argument that the regulation did not provide fair warning of the conduct which would constitute a violation. Plaintiff argues that "[b]y witnessing defendant E. Crandall's illegal action [and] failing to protect the plaintiff's rights," defendant PALCHAT violated plaintiff's rights under the First and Fourteenth Amendments.

A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983.  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Consequently, plaintiff

is unable to show one of the two essential elements necessary to state a civil rights claim.

*Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit:  (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official).  Plaintiff's claim against defendant PALCHAT lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant HOOTEN**

Specifically, plaintiff claims defendant HOOTEN's failure to correct the alleged retaliation and the allegedly false charges against plaintiff, along with the determination of guilt and his punishment, violates plaintiff's rights under the First, Eighth and Fourteenth Amendments.

This claim appears to be based on the fact that defendant HOOTEN denied plaintiff's Step 1 grievance and failed to satisfactorily correct defendants CRANDALL and CARREON's allegedly illegal acts in response to plaintiff's complaints to him.

The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved.  Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.),

*cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Plaintiff's claim against defendant HOOTEN lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff feels that defendant HOOTEN is responsible because he is the Assistant Warden and, therefore, the supervisor of defendants CRANDALL and CARREON, plaintiff has failed to show that a constitutional violation took place at all.  *See generally Gibbs v. King,* 779 F.2d 1040, 1046 n. 6 (5th Cir., *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986) (holding that absent primary liability, there can be no supervisory liability).

In addition, the acts of subordinates trigger no individual section 1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  Plaintiff has alleged no fact demonstrating personal involvement by defendant HOOTEN and has alleged no fact showing any causal connection between his acts and the alleged constitutional violation.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th  Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).

Plaintiff has failed to state a claim against defendant HOOTEN on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that, EXCEPTING ONLY PLAINTIFF'S CLAIM OF SEXUAL ASSAULT BY DEFENDANT MARTINEZ IN JUNE OF 2012 AND IN

DECEMBER OF 2012, the Civil Rights Claims filed pursuant to Title 42, United States Code,

Section 1983, by plaintiff DANIEL VASQUEZ DOMINQUEZ be DISMISSED WITH

PREJUDICE AS FRIVOLOUS, WITH PREJUDICE AS FRIVOLOUS UNTIL THE *HECK*

CONDITIONS HAVE BEEN MET, AND FOR FAILURE TO STATE A CLAIM ON WHICH

RELIEF CAN BE GRANTED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>30th</u> day of June, 2014.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).